IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald J. Rose,<br><br>                     Plaintiff,<br><br>vs.<br><br>D.J.J. Department of Juvenile Justice, York County Sheriff Dept., Orangeburg Sheriff ALL., Clover Elementary School, Clover Police Department, and Orangeburg Sheriff/Correction,<br><br>                     Defendants. | Case No.: 1:25-cv-02552-JD-SVH<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 13), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of *pro se* Plaintiff Donald J. Rose's ("Plaintiff" or "Rose") pleadings.[1]

**A. Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff, proceeding *pro se*, initiated this civil action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Juvenile Justice ("DJJ"), the York County Sheriff's Department, Clover Elementary School, the Clover Police Department, and members of the Orangeburg County Sheriff and Correctional staff (collectively, "Defendants") (DE 1). Plaintiff alleges violations of his constitutional rights under the Seventh, Fourteenth, Sixteenth, and Nineteenth Amendments, along with a range of allegations related to fabricated charges, forced transfers, mistreatment while detained, and denial of certain personal liberties.

Following review of the original complaint, the Magistrate Judge issued a proper form order and a separate order and notice, advising Plaintiff that the complaint was largely unintelligible, deficient in factual content, and subject to summary dismissal. (DE 5, DE 6.) Plaintiff was directed to file an amended complaint, pay the filing fee, or submit a motion to proceed in forma pauperis, and provide the necessary service documents.

Rather than cure the noted deficiencies, Plaintiff filed an incoherent letter dated April 22, 2025 (DE 9), which did not address the legal or factual deficiencies identified by the Magistrate Judge.

**B. Report and Recommendation**

On May 2, 2025, the United States Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed without prejudice, without leave to amend, and without issuance and service of process (DE 13). The Magistrate Judge found that the complaint failed to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), as it consisted largely of disjointed, conclusory, and unintelligible assertions unsupported by factual allegations.

Specifically, the Report noted that Plaintiff named several defendants that are not amenable to suit under § 1983 and failed to allege how any named individuals acted personally to deprive him of constitutional rights. Additionally, the Magistrate Judge concluded that Plaintiff's references to various constitutional amendments were unaccompanied by any facts plausibly supporting a violation of those provisions. Plaintiff's allegations—ranging from fabricated charges to the denial of showers and recreational time—were found to be too incoherent and disconnected to state a claim. (DE 13 at 6–10.)

Moreover, the Magistrate Judge recommended dismissal under Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to comply with court orders, including his failure to file an amended complaint, pay the filing fee or move to proceed in forma pauperis, and provide required service documents. (DE 13 at 10–11.) After the issuance of the Report and Recommendation, Plaintiff filed an incoherent letter (DE 15) that does not reference the Report.

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir.

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Notwithstanding Plaintiff's filing, the submission is incoherent, fails to identify any specific findings or legal conclusions in the Report, and does not address or cure the deficiencies discussed therein. As such, Plaintiff's objections are non-specific and fail to satisfy the legal standard for actionable objections. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d at 315 (citing *Thomas v. Arn*, 474 U.S. at 147); *United States v. Schronce*, 727 F.2d at 94 & n.4; *Camby v. Davis*, 718 F.2d at 199. Without specific objections, the Court need not conduct a *de novo* review and need only ensure there is no clear error on the face of the record.

### E. Conclusion

After a thorough review of the record in this case, the applicable law, and the Report and Recommendation of the United States Magistrate Judge, the Court finds no clear error and agrees with the well-reasoned analysis and conclusions therein.

Accordingly, the Court hereby ADOPTS the Report and Recommendation (DE 13) in its entirety.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE, without leave for further amendment, and without issuance and service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 30, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.